# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STACEY D. GUINN, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:05-CV-1827 CAS |
| U.S. XPRESS, INC., ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Stacey D. Guinn's motion to remand. Defendant U.S. Xpress, Inc. opposes the motion. Plaintiff did not file a reply memorandum. For the following reasons, the Court concludes that it has subject matter jurisdiction over this case, and plaintiff's motion to remand should be denied.

**Background**.

This action was originally filed by plaintiff Stacey D. Guinn in the Circuit Court of the City of St. Louis, Missouri on August 16, 2005. Plaintiff's petition alleges that in June 2004 he was driving a pickup truck on Missouri Highway 28 in Maries County, Missouri. Plaintiff was attempting to pass a tractor trailer rig owned by defendant and driven by its employee when the tractor trailer veered into plaintiff's truck and forced him off of the highway. Guinn alleges that defendant's employee was negligent in his operation of the tractor trailer in several respects, and as a direct result Guinn suffered serious injuries, lost wages and property damage.

On October 11, 2005, defendant filed its Notice of Removal, which alleges that this Court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332(a). Plaintiff moves to remand on the basis that defendant's removal of this action is untimely.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently "uncertainties are resolved in favor of remand.") "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

Under 28 U.S.C. § 1446(b), a removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise of a copy of the [petition]." Plaintiff states that defendant was served with summons and petition on September 2, 2005, based on docket records of the Circuit Clerk of the Circuit Court for the City of St. Louis, Missouri, which show that proof of service on defendant was filed on that date. Thus, plaintiff asserts that removal was untimely because it occurred more than thirty days after September 2, 2005, and therefore the case must be remanded.

Defendant responds that the state court clerk's docket records on which plaintiff relies are inaccurate. Defendant states that documents actually in the state court file show that on August 29, 2005, the Deputy Sheriff served a copy of the summons and petition on E. King at CT Corporation System. The state court file also contains a letter from E. King at CT Corporation dated August 29, 2005, addressed to plaintiff's attorney, which indicates that CT Corporation did not accept service for defendant in this matter because U.S. Xpress, Inc. was not listed in its records or on the records of the State of Missouri. The Circuit Clerk's docket records were not revised or updated to show that CT Corporation did not accept service on behalf of defendant. Defendant also submits the affidavit of John Linnihan, Assistant Vice President of CT Corporation, which states that CT Corporation did not accept service on behalf of U.S. Xpress, Inc. on August 29, 2005, in the matter of Stacey D. Guinn v. U.S. Xpress, Inc., Cause No. 05-08272 in the Circuit Court of the City of St. Louis. Defendant states that it has never been formally served with summons and complaint in this case, and received the petition and summons by certified mail on October 10, 2005. Defendant filed its notice of removal the next day.

The time for removal under 28 U.S.C. § 1446(b) commences upon the defendant's simultaneous receipt of summons and complaint, or when defendant receives a separate copy of the complaint "through service or otherwise" after having been served with summons, but is not triggered by mere receipt of a complaint unattended by any formal service of summons. Murphy Bros., Inc. v. Michetti Pipe Stringing Inc., 526 U.S. 344 (1999). In other words, only formal service of process triggers the thirty-day time limit for removal.

In this case, defendant submitted documents and an affidavit which show that CT Corporation did not accept service on its behalf in this matter. Plaintiff has made no effort to counter this

3

evidence, and presumably was aware that no service on defendant had occurred, because the letter from E. King of CT Corporation discussing the refusal to accept service was addressed to plaintiff's attorney.[1] Accordingly, the thirty-day time for removal had not begun to run at the time the case was removed to this Court. Removal was therefore timely and this Court has jurisdiction over the case because there is no dispute concerning the amount in controversy or diversity of citizenship between the parties.

**Conclusion**.

For the foregoing reasons, the Court concludes that removal of this matter was timely under 28 U.S.C. § 1446(b), and that it has subject matter jurisdiction. Plaintiff's motion to remand should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Stacey D. Guinn's motion to remand is **DENIED**. [Doc. 7]

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of January, 2006.

---

[1] The Court finds that plaintiff's motion to remand was entirely without support. As stated above, plaintiff's attorney was presumably aware of the letter from CT Corporation stating that it did not accept service of process on U.S. Xpress in this matter. If counsel was aware of the letter, no motion to remand should ever have been filed because counsel knew that no service of process had occurred. If plaintiff's attorney was somehow not aware of the letter and relied solely on the Circuit Clerk's docket records in filing the motion to remand, defendant's opposition alerted him to the contents of the Circuit Clerk's files and created a duty to investigate those files. Plaintiff's attorney would have done well to withdraw the motion to remand.